**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

ANGEL CORDERO,

                Petitioner,

    - against -

UNITED STATES OF AMERICA

                Respondent.
------------------------------------------------------X

**OPINION AND ORDER**

**09 Civ. 4388  (SAS)**

**01 CR 74 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/12

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Pro se petitioner Angel Cordero moved to vacate, set aside or correct his sentence pursuant to Title 28, United States Code, section 2255.[1]  In that motion, Cordero alleged ineffective assistance of counsel on the part of both his trial and appellate counsel.  On November 8, 2010, Cordero's habeas motion was denied.[2]  Following that denial, Cordero filed a pro se motion for reconsideration, which was also denied.[3]  Thereafter, Cordero appealed the denial of his motion for reconsideration to the Second Circuit, which dismissed his appeal after denying his

---

[1]     *See* Rule 60(b), (2), (3), (6) Relief From Judgment & Order (§2255) (Pet. Mem.).

[2]     *See Cordero v. United States*, No. 09 Civ. 4388, 2010 WL 4507771 (S.D.N.Y. Nov. 8, 2010) (the "Nov. 8 Order").

[3]     *See Cordero v. United States*, No. 09 Civ. 4388, 2010 WL 5347624 (S.D.N.Y. Dec. 8, 2010).

request for a certificate of appealability.[4]

Cordero now seeks Rule 60(b) relief from the Nov. 8 Order, citing the disclosure of disciplinary proceedings against his former appellate counsel, Paul E. Warburgh.[5]  Specifically, Cordero seeks relief pursuant to Rule 60(b)(2) (newly discovered evidence), Rule 60(b)(3) (fraud), and Rule 60(b)(6) (any other basis justifying relief).  Cordero wants to bring the following six "new" trial claims: (1) insufficiency of the evidence of the section 924(c) (firearm) count; (2) a conflict with his trial counsel regarding his right to testify and the production of defense witnesses; (3) admissibility of trial evidence regarding "an un-related contract murder"; (4) jury misconduct; (5) newly discovered evidence regarding certain Government witnesses; and (6) a statutory issue relating to the section 924(c) count.[6]  For the following reasons, Cordero's motion is DENIED.

## I.    BACKGROUND

### A.    The Offense Conduct

On November 14, 2002, the S4 Superseding Indictment (the

---

[4]    *See* Mandate in *Cordero v. United States*, No. 11-1005 (2d Cir. Nov. 7, 2011).

[5]    *See In re Paul E. Warburgh*, 644 F.3d 173 (2d Cir. 2011) (the "*Warburgh* Decision").

[6]    *See* Pet. Mem. at 11-13.

"Indictment") was filed against Cordero and four co-defendants.  The Indictment charged Cordero with following counts: (1) narcotics conspiracy in violation of Title 21, United States Code, Section 846 (Count One); (2) counseling, commanding, inducing, procuring, and causing the intentional killing of Earl Edwards while engaged in a narcotics conspiracy in violation of Title 21, United States Code, Section 848(e)(1)(A) (Count Two); (3) distribution and possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 812, 841(a)(1), and 841(b)(1)(C) (Counts Three through Eleven); and (4) possession of a firearm in furtherance of a narcotics conspiracy in violation of Title 18, United States Code, Section 924(c) ("section 924(c)") (Count Seventeen).

Cordero pled not guilty to the Indictment and went to trial with four co-defendants.  Cordero was represented at trial by Daniel Noble.  The trial concluded on July 17, 2003, and Cordero was convicted on all counts in the Indictment in which he was charged.  On July 29, 2004, Cordero was sentenced to an aggregate term of forty years of imprisonment.

### B.    Cordero's Direct Appeal

On August 6, 2004, Cordero filed a timely notice of appeal along with three co-defendants.  Cordero challenged, *inter alia*, the sufficiency of the evidence

to support his conviction for the section 924(c) gun charge set forth in Count

Seventeen.  The Second Circuit found Cordero's arguments to be without merit.[7]

Specifically, the Second Circuit concluded that "the record contains sufficient

evidence for a rational factfinder to find Cordero and Sanchez guilty of their

offenses of conviction."[8]  In support of this conclusion, the Second Circuit stated:

> The record establishes that Cordero: offered to insure payment of $5000 to Sanchez if Sanchez murdered [a] member of the rival gang; directed a member of the Hughes Boys to retrieve a .45 caliber semi-automatic pistol, which was given to Delvi and picked up by Sanchez after Sanchez was offered money to commit murder; and joined in the armed excursions to locate and kill members of the rival gang.[9]

After considering and rejecting all of Cordero's appellate arguments, the Second

Circuit affirmed his conviction.[10]

## C.    Cordero's Section 2255 Motion

Following the affirmance of his conviction, Cordero filed a pro se

section 2255 motion, seeking to vacate and set aside his conviction on the ground

that he was denied the effective assistance of counsel by both trial and appellate

---

[7]      *See United States v. Martinez*, 311 Fed. App'x 378 (2d Cir. 2008).

[8]      *Id.* at 381.

[9]      *Id.*

[10]     *See id.* at 382.

counsel.  I addressed each of Cordero's claims of ineffectiveness and found them to be without merit; Cordero did not show that his counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms" and was unable to prove prejudice – that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[11]  In his section 2255 motion, Cordero raised the following arguments:

- • trial counsel failed to raise Double Jeopardy at sentencing based on the imposition of separate and consecutive sentences for violations of Title 21, sections 846 and 848(e) (Counts One and Two), and failed to advise this Court that the sentences on all (except Count Seventeen) could run concurrently.  This argument was rejected because the "Double Jeopardy Clause [only] prohibits a defendant from being punished more than once for the same offense."  In Cordero's case, sections 846 and 848(e) "define separate offenses as each requires proof of a fact which the other does not."  Regarding the consecutive sentencing, counsel was "not expected to advise the Court on law which the Court already fully comprehends.  Thus, Cordero's Double Jeopardy and failure to advise claims [were] dismissed."[12]

- • in his appellate brief, Warburgh incorrectly referenced the wrong type of gun with respect to the section 924(c) charge. In Count Seventeen, the Indictment charged Cordero with possession of a .45 caliber semi-automatic

---

[11]     *Strickland v. Washington*, 466 U.S. 668, 688, 693-94 (1984)).

[12]     *Cordero*, 2010 WL 4507771, at *2.

and a Tec-9 semi-automatic assault weapon in furtherance of a drug conspiracy. On appeal, Warburgh's brief referenced a 9 millimeter handgun and a .38 caliber revolver. The Court, however, held that the misstatement did not prejudice Cordero given that he could not "show that but for appellate counsel's failure to state the correct guns in his brief, 'the result of the proceeding would have been different.' Accordingly, Cordero's ineffective assistance of counsel claim regarding the types of guns referenced in his appellate brief [was] dismissed."[13]

- both trial and appellate counsel failed to argue that there was insufficient evidence to convict Cordero on Count Seventeen for using or carrying a Tec-9 or a .45 caliber on the date charged in the Indictment and that appellate counsel failed to argue that Cordero had not "actively employed" those firearms. The insufficiency issue was raised on appeal and "the Second Circuit directly addressed Cordero's claim that the evidence did not support his conviction for the offense charged in Count Seventeen and concluded that the record did in fact contain sufficient evidence to support this conviction."[14] With regard to the "actively employed" argument, the Second Circuit held that "the evidence was sufficient to prove that Cordero possessed a firearm in furtherance of the narcotics conspiracy. Therefore, counsel's refusal to raise the arguments suggested by Cordero did not constitute ineffective assistance."[15]

- trial counsel failed to object to the constitutionality of the Indictment in that the conspiracy charge was not presented to the grand jury and the Indictment did not meet

---

[13]   *Id.* at *3 (quoting *Strickland*, 466 U.S. at 698) (footnote omitted).

[14]   *Id.*

[15]   *Id.* at *4.

6

the requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure. Cordero's first argument was rejected because "[i]t is well settled that alleged errors in grand jury proceedings are not cognizable on federal habeas corpus review because [p]etitioner was convicted by a jury after a trial."[16]   As for Rule 7(c)(1), "[t]he signed Indictment clearly and thoroughly explicates the charges against Cordero and his co-defendants, albeit in a concise manner. Thus, Rule 7(c)(1) has clearly been satisfied."[17]

- trial and appellate counsel failed to move to dismiss for violations of the Speedy Trial Act where the Court granted several "ends of justice" continuances without making specific findings on the record justifying those continuances. The Court held that the decision by trial and appellate counsel not to assert a Speedy Trial violation "does not render their assistance constitutionally ineffective."[18]

- trial counsel failed to object to the Government's alleged failure to provide section 3500 material for a cooperating witness (Roberto Benitez) prior to calling that witness to the stand. This ground was rejected "because the United States is not required to provide 3500 material until after the Government witness has testified."[19] Furthermore, "[c]ounsel for Cordero used items from Benitez's 3500 material to cross-examine Benitez, as shown by the trial record, thus proving that his 3500 material was in fact timely received by defense counsel and used effectively in

---

[16]   *Id.* at *4 (second alteration in original).

[17]   *Id.*

[18]   *Id.* at *5.

[19]   *Id.*

Cordero's defense."[20]

On November 29, 2010, Cordero filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  On December 28, 2010, this Court denied Cordero's reconsideration motion.  On February 23, 2011, Cordero appealed the denial of his motion for reconsideration to the Second Circuit.  In a Mandate dated November 7, 2011, the Second Circuit dismissed the appeal after denying Cordero's motion for a certificate of appealability.

**D.    Cordero's Allegations of Ineffective Assistance of Appellate Counsel**

On March 22, 2011, Warburgh was publicly reprimanded by the Second Circuit for misconduct discussed in the Committee on Admissions and Grievances (the "Committee") and he was granted leave to resign from the bar.[21] The Committee, in turn, documented various disciplinary issues relating to Warburgh including failure to comply with scheduling orders, to respond to Court inquiries, and/or to communicate with his clients.[22]   These failures related to four specific cases, of which Cordero's case was one.  With respect to Warburgh's representation of Cordero, the Committee Report stated:

---

[20]    *Id.*

[21]    *See Warburgh*, 644 F.3d at 174.

[22]    *See id.* at 175 (citing Committee Report at 3-5, 7-8).

8

> On January 10, 2007, the Court dismissed this appeal based
> on the belief that Mr. Warburgh had failed to file a brief
> even after the Clerk's Office has called him twice regarding
> the default.  According to the Court's records, it is possible
> that the brief actually was filed and the dismissal was in
> error.  Regardless, there is no evidence that Mr. Warburgh
> made any efforts to have the appeal reinstated.[23]

On June 13, 2007, the Court reinstated the appeal.  According to the docket,

Warburgh subsequently continued to represent Cordero on appeal.  Cordero's

criminal judgment was affirmed on April 15, 2008.

### E.    The Instant Motion

Cordero filed the instant Rule 60(b) motion on March 23, 2012.  The

gravamen of this motion is based on the Second Circuit's findings concerning

Warburgh's conduct during Cordero's appeal.  Cordero argues that the *Warburgh*

Decision constitutes newly discovered evidence that his appellate counsel engaged

in misconduct and was negligent.  Cordero's motion seeks to re-open his section

2255 proceedings in order to assert six new trial claims unrelated to the appeal of

his conviction

---

[23]    *Id.* at 188.

## II.    LEGAL STANDARDS

### A.    Rule 60(b) in General

The relief available under Rule 60(b) is equitable in nature.[24]  "The rule 'strikes a balance between serving the ends of justice and preserving the finality of judgments.'  However, because the grant of a Rule 60(b) motion affords the movant 'extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.'"[25]  "Accordingly, a party seeking relief under this rule must show 'highly convincing' evidence in support of [her] motion, good cause for [her] 'failure to act sooner,' and that the non-moving party would not suffer undue hardship."[26]  A Rule 60(b) motion is "addressed to the sound discretion of the district court."[27]

Section 2255 provides habeas relief for prisoners who seek to have their sentences vacated, set aside or corrected.[28]  Given the availability of this

---

[24]    *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009).

[25]     *Katz v. Mogus*, No. 07 Civ. 8314, 2012 WL 263462, at *3 (S.D.N.Y. Jan. 25, 2012) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1996)).

[26]    *Id.* (quoting *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (quotation marks and citations omitted)).

[27]    *Nemaizer*, 793 F.2d at 61.

[28]    *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of

relief, a Rule 60(b) motion is not the appropriate vehicle for lodging new attacks against an underlying criminal conviction.[29]  Furthermore,  Rule 60(b) "may not be used to challenge a movant's underlying conviction or sentence after that movant's habeas petition attacking the same conviction or sentence on the same basis has been denied."[30]  Instead, a Rule 60(b) motion that "seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition."[31]  A Rule 60(b) motion that attacks "the integrity of the previous habeas proceeding rather than the underlying criminal conviction," however, is not a second or successive habeas petition.[32]

---

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.")

[29]   *See, e.g. Westport Ins. Corp. v. Goldberger & Dubin, P.C.*, 255 Fed. App'x 593, 595 (2d Cir. 2007) (summary order) ("New arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for Rule 60(b) relief."); *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) (stating that new attacks on an underlying conviction "are beyond the scope of Rule 60(B)").

[30]   *Marmolejas v. United States*, Nos. 05 Civ. 10693, 99 CR 1048, 2010 WL 3452386, at *4 (S.D.N.Y. Sept. 2, 2010) (Chin, C.J., sitting by designation) (quotation marks and citation omitted).

[31]   *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

[32]   *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).

**B.   Rule 60(b)(2)**

Rule 60(b)(2) provides relief from a final judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"  A motion for a new trial may be granted if the moving party can demonstrate that

> "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching."[33]

Furthermore, "a new trial may be ordered to prevent a grave miscarriage of justice even though the 'newly discovered evidence' supporting that order would have been available to the moving party at trial had that party exercised proper diligence."[34]  This exception, however, has been restricted to cases in which the evidence is "practically conclusive."[35]  Finally, motions made pursuant to Rule 60(b)(2) must be made no more than one year after the entry of

---

[33]   *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quoting *United States v. International Bhd. of Teamsters*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998)).

[34]   *Ope Shipping, Ltd. v. Underwriters at Lloyds*, 100 F.R.D. 428, 432 (S.D.N.Y. 1983).

[35]   *Id.*

judgment.[36]

### C.      Rule 60(b)(3)

Rule 60(b)(3) provides for relief from judgment where there is "fraud,
. . . misrepresentation or misconduct by an opposing party[.]"  "To prevail on a
Rule 60(b)(3) motion, a movant must show that the conduct complained of
prevented the moving party from fully and fairly presenting his case."[37]  "[A] Rule
60(b)(3) motion cannot be granted absent clear and convincing evidence of
material misrepresentations and cannot serve as an attempt to relitigate the
merits."[38]  Although Rule 60(b)(3) provides courts with authority to "enable them
to vacate judgments whenever such action is appropriate to accomplish justice,"
such authority "should only be applied in extraordinary circumstances."[39]  As with
Rule 60(b)(2), there is a one year statute of limitations for claims brought under
Rule 60(b)(3).[40]

---

[36]      *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be
made within a reasonable time – and for reasons (1), (2), and (3) no more than a
year after the entry of the judgment or order or the date of the proceeding.").

[37]      *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*,
374 F.3d 158, 176 (2d Cir. 2004).

[38]      *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

[39]      *Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 855
(1988) (quotation markss and citations omitted).

[40]      *See* Fed. R. Civ. P. 60(c)(1).

### D.    Rule 60(b)(6)

Rule 60(b)(6) provides that relief may be granted for "any other

reason that justifies relief."

> Despite the broad wording of subsection (6), it is properly
> invoked only for extraordinary circumstances or where the
> judgment may work an extreme and undue hardship.  The
> Second Circuit has consistently indicated a reluctance to
> accept the proposition that when counsel's conduct shows
> gross negligence relief to a client may be afforded under
> Rule 60(b)(6).
>
> Nonetheless, although exceedingly rare, it is not impossible
> for a lawyer's failures to constitute "extraordinary
> circumstances."  To qualify for relief under Rule 60(b)(6),
> the attorney's failures must be so egregious and profound
> that they amount to the abandonment of the client's case
> altogether, either through physical disappearance or
> constructive disappearance.[41]

Thus, "an attack on the integrity of a previous habeas proceeding using subsection

(6) of Rule 60(b) is viable only in 'extraordinary circumstances,' and . . . such

circumstances will be particularly rare where the relief sought is predicated on the

alleged failures of counsel in a prior habeas petition."[42]

---

[41]    *Webb v. City of New York*, No. 08–CV–5145, 2010 WL 3394537, at
*4 (E.D.N.Y. Aug. 23, 2010) (quotation marks, citations and emphasis omitted).

[42]    *Harris*, 367 F.3d at 77.

## III.   DISCUSSION

In reality, Cordero's Rule 60(b) motion is a second or successive section 2255 motion because: (1) nothing in the *Warburgh* Decision provided any information that he did not already have during the pendency of his habeas proceeding; and (2) he seeks to challenge the validity of his underlying conviction, not the integrity of the prior section 2255 proceeding.  However, in his reply papers, Cordero specifically states that his Rule 60(b) motion is *not* a second or successive motion and that it would be "a colossal waste of judicial resources" to compel him to raise his new arguments before the Second Circuit.[43]  Accordingly, the instant motion will be treated exclusively as a Rule 60(b) motion and not a second or successive motion.

### A.   The *Warburgh* Decision Does Not Contain Any Information Not Previously Known to Cordero at the Time He Filed His Habeas Motion

As stated in his brief, Cordero seeks to reopen his habeas proceeding in order to raise the following claims:  (1) sufficiency of the evidence of the section 924(c) count; (2) a conflict between Cordero and his trial counsel regarding the production of defense witnesses and Cordero's right to testify; (3) admissibility of

---

[43]   *See* Memorandum of Law in Response to the Government's Motion in Opposition to Petitioner's Request for Relief Pursuant to Federal Ruel [sic] of Civil Procedure 60(b) at 4.

evidence at trial involving "an un-related contract murder"; (iv) purported jury misconduct; (v) newly discovered evidence regarding certain Government witnesses; and (6) a statutory issue relating to section 924(c).[44]  Cordero's attempt to frame his application as an attack on the integrity of the previous habeas proceedings by relying on the *Warburgh* Decision is misplaced.

There is nothing in the *Warburgh* Decision that was not already known to Cordero at the time that he filed his original section 2255 motion.  The only relevant information contained in the *Warburgh* Decision is that Warburgh "appeared to have made no effort to have [Cordero's] appeal reinstated after its improper dismissal."[45]  The Committee's Report further explains that the dismissal appeared to be in error and that the Clerk's Office ultimately reinstated the appeal and Warburgh "subsequently continued to participate in this matter."[46]

Cordero argues that because of the *Warburgh* Decision, he now knows that Warburgh was engaged in "misconduct" and withheld "documents, access to witnesses, production of the complete transcript, and other

---

[44]    *See id.* at 11-13.

[45]    *Warburgh*, 644 F.3d at 181.

[46]    *Id.* at 188.

information."[47]  But nothing in the *Warburgh* Decision makes any such findings.

To the contrary, in his affidavit in support of his motion, Cordero acknowledges

that he had access to the very transcripts he needed to file his habeas motion: "I

was able to compose a Title 28 U.S.C. § 2255 petition with various bits and pieces

of the transcripts co-defendants were willing to forward to me."[48]

       Thus, there is nothing in the *Warburgh* Decision, and nothing relating

to the disciplinary actions taken against Warburgh, that justifies re-opening the

habeas proceedings to permit Cordero to raise six new trial claims.  Indeed, all of

these claims could have been raised in his original section 2255 motion.  In any

event, as the *Warburgh* Decision makes clear, any allegations of misconduct with

respect to Warburgh's representation of Cordero related to an apparent error as to

whether an appellate brief was filed on Cordero's behalf.  As the record makes

abundantly clear, an appellate brief was filed and considered by the Second Circuit

when that court affirmed Cordero's conviction.  Accordingly, Cordero cannot use

the *Warburgh* Decision as a pretext to reopen his section 2255 proceedings because

---

[47]     Pet. Mem. at 6.  Without going into any detail, Cordero states that
"[t]he most crucial misconduct was with attorney Warburgh's handling of
witnesses and the information they possessed which was both material and
impeaching to counts in the indictment."  *Id.*  This is a strange claim to be levied
against appellate counsel as it appears to be directed to the trial proceedings.

[48]     Affidavit of Angel Cordero in Support of Rule 60(b), Pet. Mem., App.
B-2 ¶ 4.

nothing therein is relevant to the integrity of the prior habeas proceedings.

**B.      Cordero's Motion Is Beyond the Scope of Rule 60(b)**

Because Cordero's motion plainly seeks to attack the validity of his underlying conviction, it must be denied as beyond the scope of Rule 60(b).  "[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'"[49]  Cordero has expressly informed the Court that he does not want the instant motion to be treated as a second or successive petition.  Thus, the only option is to deny Cordero's Rule 60(b) motion in its entirety given that the entirety of the motion seeks to attack his underlying criminal conviction, not the integrity of the previous habeas proceeding.[50]

---

[49]      *Harris*, 367 F.3d at 82 (quoting *Gitten*, 311 F.3d at 534 (stating that "the court always has the alternative of simply denying, as beyond the scope of Rule 60(b), the balance of the motion, *i.e.*, the portion believed to present new attacks on the conviction")).

[50]      *See id.* at 77 (stating that "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction").

C.    **Cordero's Motion Fails to Meet the Substantive Requirements of Rule 60(b) in Any Event**

1.    **Cordero Cannot Establish New Evidence Under Rule 60(b)(2)**

Rule 60(b)(2) allows relief from judgment on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Cordero argues that "a showing of attorney misconduct" is newly discovered evidence.[51]   Cordero is wrong for several reasons.  *First*, it is abundantly clear that there is nothing "newly discovered" with respect to Cordero's interactions with his appellate counsel.  The correspondence appended to his motion and referenced in the *Warburgh* Decision indicates that Cordero complained about Warburgh years before the filing of his habeas petition.   *Second*, even assuming that the *Warburgh* Decision provided Cordero with "new" information, none of that information related to his trial.  Cordero was not represented at trial by Warburgh whose representation was limited to Cordero's appeal.  Although Cordero argues that Warburgh "surreptitiously sabotaged due process" at the time of direct appeal and on through the habeas proceeding,[52] he fails to explain what, exactly, in the *Warburgh*

---

[51]    *See* Pet. Mem. at 2.

[52]    *Id.* at 4.

Decision suggests that the  appellate brief submitted on his behalf was in some way

deficient.   Nor does Cordero explain how Warburgh's conduct affected the

integrity of his habeas proceeding.  Because there is no newly discovered evidence

here, Cordero's motion under Rule 60(b)(2) must be denied.

> **2.      Cordero Cannot Demonstrate Fraud to Prevail Under Rule
> 60(b)(3)**

Rule 60(b)(3) allows relief from judgment on the basis of "fraud . . .

misrepresentation, or misconduct by an opposing party."  Here, Cordero has failed

to assert any misconduct on the part of the opposing party.  Rather, any alleged

fraud is limited to his own attorney's conduct which, even if true, cannot meet the

standard of Rule 60(b)(3).  Because there is no fraud by an opposing party,

Cordero's Rule 60(b)(3) must be denied.

> **3.      Cordero Cannot Demonstrate "Exceptional Circumstances"
> to Prevail Under Rule 60(b)(6)**

Rule 60(b)(6) allows for relief from judgment for "any other reason

justifying relief from the operation of the judgment."  It is well established that "an

attack on the integrity of a previous habeas proceeding using subsection (6) of Rule

60(b) is viable only in 'extraordinary circumstances.'"[53] Even where the relief

sought is predicated on the alleged failures of counsel in a prior habeas proceeding,

---

[53]      *Harris*, 367 F.3d at 77.

extraordinary circumstances will be "particularly rare."[54]   For circumstances to be "extraordinary" for purposes of Rule 60(b)(6)," a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance."[55] To meet this standard, there must be more than ineffective assistance of counsel under *Strickland*.[56]  Cordero simply cannot meet this high standard because his appellate lawyer neither physically nor constructively disappeared.  In fact, the record is clear that Warburgh filed an appellate brief on Cordero's behalf and participated in the appeals process.  Because Cordero has failed to show "exceptional circumstances," his Rule 60(b)(6) must be denied.

## IV.   CONCLUSION

For the foregoing reasons, Cordero's motion for relief from judgment pursuant to Rule 60(b) is denied.  The Clerk of the Court is directed to close this motion (Docket Entry # 18).

---

[54]     *Id.*

[55]     *Id.* at 81.

[56]     *See id.*

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:          New York, New York
                November 5, 2012

**- Appearances -**

**Petitioner (Pro Se):**

Angel Cordero
# 45200-054
Federal Corrections Complex
U.S.P. Coleman # 2
P.O. Box 1034
Coleman, FL 33521

**For Respondent:**

Carolina Fornos
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2740